UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br>Plaintiff,<br>v.<br>BROOMFIELD, *et al.*,<br>Defendants. | Case No. 1:26-cv-03657-FJS (PC)<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 9)<br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

I. MOTION FOR PRELIMINARY INJUNCTION

On August 18, 2026, Plaintiff filed a motion for a preliminary injunction. (ECF No. 9.) In the motion, Plaintiff requests an order of protection directing the California Department of Corrections and Rehabilitation's Departmental Review Board ("Board") to place him and keep him in the restricted housing unit until this case is heard. Plaintiff alleges that he is in danger of being assaulted by inmates because the Board, the same people allegedly involved in this suit, refused to place Plaintiff in the restricted general population or a protected housing unit. Plaintiff further alleges that he will instead be placed in a prison "where there are assuredly people that

will assault [him] once they find out [he is] an informant." (*Id.* at 2.) Plaintiff alleges he will suffer irreparable harm if transferred to any prison that is not Corcoran State Prison's restricted general population or protective housing unit, and staff know this. (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491–93; *Mayfield*, 599 F.3d at 969.

## II. DISCUSSION

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The court is required to screen complaints brought by prisoners seeking relief against a governmental

entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in determining Plaintiff's classification or housing assignment.

Finally, even assuming the court had jurisdiction to enter such an order, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983).

III. ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 9), be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to

the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE